UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02704

**Jesus Enrique Perozo Hernandez,**
*Petitioner,*
v.
**Charlotte Collins, et al.,**
*Respondents.*

## ORDER

Jesus Enrique Perozo Hernandez is a native and citizen of Venezuela currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing. Because his detention is lawful, his petition is denied.

## BACKGROUND

Petitioner is a native and citizen of Venezuela. He last entered the United States without inspection on or about an unknown date. Petitioner was detained by U.S. Border Patrol on June 17, 2022. According to the documents produced by Petitioner, Petitioner was paroled on June 18, 2022, until August 18, 2022. In late August 2026, local law enforcement detained Petitioner following a traffic stop. Petitioner was then placed into federal custody and transferred to the T. Don Hutto Detention Center in Taylor, Texas. Petitioner has employment authorization and a pending application for asylum and other immigration relief.

On September 25, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking

immediate release or an individualized bond hearing. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## Analysis

Because Petitioner is proceeding *pro se*, this Court construes his Petition generously. Petitioner asserts that his pre-removal detention is unlawful because it violates due process and the Immigration and Nationality Act ("INA"). His arguments, however, fail.

Petitioner is properly detained pursuant to section 1225(b)(2) because he is an applicant for admission. "An alien who is paroled under section 1182(d)(5) of this title . . . shall not be considered to have been admitted." *See* 8 U.S.C. § 1101(a)(13)(B). Title 8 section 1182(d)(5) gives the Secretary of Homeland Security discretion to temporarily parole aliens into the United States "on a case-by-case basis for urgent humanitarian reasons or significant public benefit[.]" 8 U.S.C. § 1182(d)(5)(A). "[B]ut such parole of such alien shall not be regarded as an admission of the alien[.]" *Id.* "[W]hen the purposes of such parole . . . have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.* Section 1182(d)(5)(A) parole automatically terminates without written notice "(i) upon the departure from the United States of the alien, or, (ii) if not departed, at the expiration of the time for which parole was authorized[.]" 8 C.F.R. § 212.5(e)(1).

Petitioner was temporarily paroled into the United States on June 18, 2022 until August 18, 2022. Habeas Pet. Ex. B (ECF No. 1-3). Petitioner's parole therefore expired on August 18, 2022, and "his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A). And applicants for admission are subject to mandatory detention under section

1225(b)(2). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026).

Petitioner argues that his detention without a bond hearing violates both procedural and substantive due process. But the Fifth Circuit has rejected both arguments, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). Because Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing, *id.* at *3 (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A)), Petitioner's due process claim thus fails, *id* at *7.

Petitioner's INA argument fares no better for the reasons set forth in Part I of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026). The Fifth Circuit has held that aliens similarly situated to Petitioner are "seeking admission" to the United States and thus "subject to [the INA's] mandatory detention command." *Id.* at 722.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 19, 2026.*

ANDREW DAVIS
United States District Judge